# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LESLIE L. BOCKENSTEDT, | |
| Plaintiff, | No. 05-MC-27-LRR |
| vs. | |
| WILLIAM B. HARRISON and CHASE MANHATTAN BANK, | **ORDER** |
| Defendants. | |

Before the court is the Motion to Dismiss (docket no. 3), filed by Defendants William B. Harrison and Chase Manhattan Bank. Defendants contend that this court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and that the complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Motion is resisted.

On May 12, 2005, Plaintiff Leslie L. Bockenstedt filed a *pro se* Notice of Filing of Foreign Judgment ("Notice") (docket no. 1). Plaintiff apparently alleges the presence of a foreign judgment against Defendants, but the pleadings do not show one. The Notice is patently frivolous and groundless.

In considering a motion to dismiss under Rule 12(b)(6), this court must assume that all facts alleged in the plaintiff's complaint are true, and must liberally construe those allegations. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Nevertheless, such motions "can serve a useful purpose in disposing of legal issues with

the minimum of time and expense to the interested parties." *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir. 1968); *Amalgamated Meat Cutters & Butchers Workmen of N. Am., Local Union No. 576 v. Wetterau Foods, Inc.*, 597 F.2d 133, 135 (8th Cir. 1979). To this end, "well-pleaded allegations are taken as admitted but conclusions of law and unreasonable inferences or unwarranted deductions of fact are not admitted." *Id.*; *Mark Aero, Inc. v. Transworld Airlines, Inc.*, 580 F.2d 288, 296 n.30 (8th Cir. 1978). Because the "foreign judgment" claimed by Plaintiff does not exist, there is no set of facts under which relief can be granted. Rule 12(b)(6) mandates the dismissal of the instant claim.

Accordingly, Defendants' Motion to Dismiss (docket no. 3) is **GRANTED.** The filing of future frivolous actions or groundless motions may result in the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED** this 17th day of July, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Copies mailed on:** mem 07.17.2006

**to counsel of record or pro se parties as shown on docket and other parties listed here:**